**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE ALFREDO HERNANDEZ
RODRIGUEZ,

              Petitioner,

    v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No.   20-70021

Agency No. A200-906-717

MEMORANDUM*

On Petition for Review of an Order of the
Immigration Judge

Argued and Submitted August 10, 2022
Anchorage, Alaska

Before:  S.R. THOMAS, McKEOWN, and CLIFTON, Circuit Judges.

Jose Alfredo Hernandez Rodriguez ("Hernandez"), a native of Mexico, seeks

review of a decision of the Immigration Judge ("IJ") denying Hernandez's request

for a continuance to obtain counsel and affirming the asylum officer's determination

that Hernandez failed to establish a reasonable fear of torture. We review the former

issue de novo and the latter issue for substantial evidence. *Orozco-Lopez v. Garland*,

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

11 F.4th 764, 774 (9th Cir. 2021) (continuance); *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (reasonable fear). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

1. The IJ did not violate Hernandez's statutory right to counsel in his reasonable fear review proceeding by denying his request for a continuance to obtain counsel. Hernandez has a statutory right to counsel. *Orozco-Lopez*, 11 F.4th at 777 (holding that non-citizens whose removal orders have been reinstated are statutorily entitled to counsel under 8 U.S.C. § 1362 at their reasonable fear hearings before an IJ). However, this statutory right to counsel is cabined by 8 C.F.R. § 208.31(g)'s requirement that in the absence of exceptional circumstances, the reasonable fear review hearing shall be conducted by the IJ within ten days of the filing of the Notice of Referral to the IJ. *Orozco-Lopez*, 11 F.4th at 777. This does not require a non-citizen to have counsel before an IJ can proceed, but only that a non-citizen "must at least be informed of the entitlement to counsel and have an opportunity to seek counsel within § 208.31(g)(1)'s constraints." *Id.* at 778–79.

Hernandez argues he was denied his statutory right to counsel when he was denied a one-day continuance to retain counsel within the ten-day period set out in 8 C.F.R. § 208.31(g). We conclude that Hernandez was given "reasonable time to locate counsel," *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019) (citations omitted), and that Hernandez did not show good cause for a continuance. Hernandez

2

was advised of his right to counsel in advance of the hearing, secured counsel for a bail hearing the same day without providing an explanation for why he was unable to obtain an attorney for his reasonable fear hearing, and failed to explain how a continuance would allow him to return with counsel within the ten-day period. He had at least a week to secure counsel for this hearing and did not demonstrate diligent efforts to secure an attorney. *See United States v. Moriel-Luna*, 585 F.3d 1191, 1201–02 (9th Cir. 2009) (holding IJ did not abuse his discretion by concluding that one week was a reasonable amount of time for petitioner to find counsel because petitioner was informed of his right to counsel and did not indicate he had tried to find an attorney).

2. We conclude that substantial evidence supported the IJ's finding that Hernandez failed to establish eligibility for Convention Against Torture ("CAT") protection based on the asylum officer's finding that he failed to show a reasonable fear of torture if removed to Mexico. *See Lalayan*, 4 F.4th at 840 ("We review for substantial evidence the [IJ]'s determination that [the applicant] is not eligible for protection under CAT." (citation omitted)). Protection under the CAT requires two elements: "first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021) (citations and quotation marks omitted); *see* 8 C.F.R. § 1208.16(c)(2). Even though Hernandez

3

claims he was almost mugged, he witnessed a shootout, and his father was extorted and on one occasion threatened, Hernandez was never physically harmed or directly threatened in Mexico. He based his fear of being targeted and tortured by unknown gang members on a generalized fear of violence and crime in Mexico. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that general violence and crime is insufficient to establish that it is "more likely than not" petitioners would be tortured). Further, Hernandez has not shown any reason to believe that Mexican authorities would seek to torture him or acquiesce to his torture, as neither he nor his family have had any trouble with Mexican authorities other than witnessing their solicitation of bribes, and he testified that he does not fear harm from Mexican authorities. *See* 8 C.F.R. § 1208.18(a)(1) (defining "torture" as pain or suffering "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity"). Thus, the record does not compel the conclusion that Hernandez will "more likely than not" be tortured if returned to Mexico.

3. The IJ did not err by considering only past torture in the CAT analysis or by failing to provide a reasoned statement or analysis in concluding that Hernandez failed to establish a reasonable fear of torture. The IJ considered "all evidence relevant to the possibility of future torture," 8 C.F.R. § 1208.16(c)(3), and provided

4

a reasoned explanation in the record explaining that Hernandez "has not suffered harm rising to the level of persecution or torture" and that "[t]here is no reason to believe that the authorities are looking for [him] or interested in [him] in order to torture him or that they would turn a blind eye if someone else did."

**PETITION FOR REVIEW DENIED.**